## SUPREME COURT.

### THE PEOPLE agt. EDWARD RILEY.

Under the statute (*Laws* 1860, *ch.* 508, § 33) which declares that in cases of larceny, in the city of New York, by stealing, taking, or carrying away *from the person* of another, the offender may be punished as for *grand larceny*, although the value of the property taken *shall be less than* $25, the court of *special sessions*, in the city of New York, have no *jurisdiction* to try and convict of *petit larceny*, or to hear or decide such a case at all.

It is its duty, in such a case, to cause the complaint to be brought before the *grand jury*.

*New York Special Term, July,* 1861.

THE prisoner in this case was brought down from Blackwell's Island penitentiary on a writ of *habeas corpus*, obtained by W. F. HOWE, his counsel, under the following circumstances :

On the 22d June last, the prisoner was convicted at the special sessions, of stealing a purse containing $12.50 from

the person of a lady named Margaret Shay, and was sentenced to six months imprisonment in the penitentiary.

Mr. Howe now contended that under the laws of 1860, the taking of "one cent" from the person was a "felony;" and the court of special sessions had consequently no jurisdiction, and the prisoner was, therefore, entitled to his discharge.

Mr. Garvin, *assistant district attorney*, acknowledged that Recorder Hoffman had so ruled in a case which Mr. Howe had now carried up to the supreme court.

Leonard, Justice. Riley is imprisoned in the penitentiary on conviction for petit larceny before the special sessions of the peace. His discharge is now applied for on *habeas corpus*.

The evidence upon which the conviction was had has been laid before the court by consent, from which it appears that the complainant was possessed of a pocket-book containing $1.75 in coin; that Riley and another person took hold of her in Baxter street, and when they let go her pocket-book was gone.

Counsel for the prisoner insists that the offence committed was grand larceny; (*under chap.* 508, § 33, *Sess. Laws,* 1860,) and that the special sessions exceeded their jurisdiction in trying or sentencing him, and that his confinement under such sentence is illegal.

The statute referred to declares that in cases of larceny in the city of New York, by stealing, taking or carrying away from the person of another, the offender may be punished as for grand larceny, although the value of the property taken shall be less than $25.

In the present instance, the court of special sessions have convicted the prisoner of petit larceny, which is within the jurisdiction of that court, and not of grand larceny, a degree of crime not within their cognizance to try.

The small sum taken would have reduced the grade of

this offence to petit larceny, had the money not been taken from the person.

It will be observed that the statute says the offender may be punished in such case as for grand larceny; not that such shall be the punishment.

If "may" in this connection means "shall," as it sometimes in legal construction does, then the offence of petit larceny no longer exists in this city, where the felonious taking has been from the person..

According to the grammatical construction or rule, the language of this statute is permissive, and leaves it discretionary whether the offender shall be punished as for grand larceny, or as formerly, when the amount stolen was small.

It has been held by the courts that where a public officer or public body "may" have power to do an act which concerns the public interests or the rights of third persons, "may" means "shall," and the execution of the power may be insisted on as a duty. (*The Mayor* agt. *Furze*, 3 *Hill R.* 612.)

So also when a statute confers authority to do a judicial act in a certain case, it is imperative on those authorized to exercise the authority when the case arises, and its exercise is duly applied for.

The rule seems not to be uniform. Its application depends on what appears to be the true intent of the statute. (*Sedgwick on Statutory law*, 439.)

In order to punish an offender against this statute, it is necessary that he be apprised by the complaint or the indictment against him, that the penalties therein provided will be invoked. No new offence is created, but a new punishment for a certain aggravated kind of larceny, in the commission of which it is entirely accidental whether the value of the property taken be large or small.

The intent of the pickpocket or highway robber is equally heinous, whatever the sum obtained may happen to be. The result in respect to the amount is accidental, and the

sum taken generally neither aggravates or mitigates the turpitude of the offence.

There is no doubt that in a case where the indictment alleges the larceny to have been committed on the person of some one in New York, if the prisoner be found guilty, the court "must" sentence the prisoner as for grand larceny, although the value of the property taken be less than $25.

I am also of the opinion that when such a case comes before a committing magistrate of the city of New York, it is his duty to cause the complaint to be brought before the grand jury for their action, and that the court of special sessions have no authority to hear or decide such a case.

The punishment which the statute requires to be inflicted upon the offender raises the offence to the grade of felony, just as much as if the amount stolen had exceeded $25. If the court of special sessions may try and sentence the offender in all such cases, there might never be any punishment inflicted " as for grand larceny," because the authority so to punish has not been conferred on that court.

The intent of this statute is mandatory.

It will not do for the committing magistrate or the special sessions to exercise their discretion whether they shall try such offences as come within this statute, or turn them over to be dealt with by a tribunal which is empowered to impose the punishment which pertains by law to the offence of grand larceny.

It is not the policy of the law to clothe an inferior tribunal with such a discretion. There is no reason to suppose that such discretion would be unwisely used, that I am aware; but it is clear that it cannot have been the intent of this statute that a discretion should be conferred, as to the degree of punishment which the offender should receive, on a tribunal which is not authorized to impose any punishment in cases of grand larceny.

I think it quite clear that the offence committed by Riley brought him within this statute, and that the special sessions had no authority to try or sentence him, and that the conviction is wholly nugatory.

The prisoner is discharged from his imprisonment.